Filed 6/29/15  Certified for Publication 7/21/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN WAYNE WILLARD, | |
|    Plaintiff and Respondent, | |
|      v. | G050340 |
| NEAL KELLEY, as Registrar of Voters, etc., | (Super. Ct. No. 30-2014-00711556) |
|    Defendant; | O P I N I O N |
| ERIC WOOLERY, | |
|    Real Party in Interest and Appellant. | |

Appeal from an order of the Superior Court of Orange County, William D. Claster, Judge.  Affirmed.

Mark S. Rosen for Real Party in Interest and Appellant.

Schiffer & Buus, Eric M. Schiffer and William L. Buss for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Eric Woolery appeals from an order denying his motion seeking an award of attorney fees in the total amount of $8,320 under Code of Civil Procedure section 1021.5. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) Woolery filed his motion after he successfully defended against the verified petition for a peremptory writ of mandate that his political opponent, John Wayne Willard, had filed against Neal Kelley, in his official capacity as Registrar of Voters for Orange County.

In his petition, Willard challenged the portion of Woolery's candidate designation under Elections Code section 13107, stating his occupation was "Orange Treasurer/CPA." The trial court denied the petition on the ground that Woolery established that his stated occupation satisfied the statute's requirements.

We affirm. The trial court did not err by denying the motion for attorney fees because Woolery's successful defense in this matter neither resulted in the enforcement of an important right affecting the public interest, nor conferred a significant benefit on the general public or a large class of persons, within the meaning of section 1021.5.

BACKGROUND

In March 2014, Willard filed a verified petition for a peremptory writ of mandate "to challenge, as contrary to law, the ballot designation proposed by candidate and Real Party in Interest, Eric Woolery, that has been approved, accepted and will be printed on official sample ballots by Respondent Neal Kelley in his official capacity as the Registrar of Voters for the County of Orange in connection with the June 3, 2014 primary election, unless the requested relief is granted." (Some capitalization omitted.) The petition asserted Woolery's ballot designation inaccurately stated that his "occupation" was "Orange Treasurer/CPA."

2

The petition alleged:  "'Orange Treasurer/CPA' is most definitely not Woolery's 'principal' occupation as the designation requires" and that his "true and/or principal 'occupation' is 'Deputy Director of Administration for the Riverside County District Attorney's Office' as plainly listed on his resume and application for the position of Orange County Auditor-Controller."  The petition further alleged, "[b]ecause 'Orange Treasurer/CPA' is not Woolery's true and/or principal 'occupation,' [Kelley] is prohibited from accepting Woolery's Candidate Statement and is required to reject the ballot designation as unacceptable pursuant to California Election Code §13107(b), California Code of Regulations §20714 and California Code of Regulations §20716."  (Underscoring omitted.)

The trial court denied the petition.  The minute order explained the court's ruling as follows:  "The evidence is undisputed that Woolery was appointed to the position of Treasurer of the City of Orange in 2013 and that he is still serving in that position.  [Citation.]  It also is undisputed that Woolery spends approximately 10-15 hours per week fulfilling the duties of that office.  [Citation.]  Because this amount of weekly work is more than 'nominal' as that term is used in 2 CCR § 20714(b), it is an 'activity [which] is one of the primary, main or leading professional, vocational or occupational endeavors of the candidate.'  [Citation.]  Thus, Woolery's position of Orange Treasurer qualifies as a principal occupation under Election Code § 13107(a)(1). The fact that Woolery may have another job that also is a primary occupation and requires him to work longer hours per week and/or is his main source of income does not preclude the Orange Treasurer designation under the applicable statute and regulations.  [Citations.]  Accordingly, because Petitioner has not established by clear and convincing proof that the designation of 'Orange Treasurer/CPA' is misleading, the request for a writ is denied."  Judgment was entered in Woolery's favor.  Our record does not show Willard appealed from the judgment.

Woolery filed a motion seeking an award of attorney fees in the amount of $8,320 against Willard under section 1021.5. The trial court denied the motion. The minute order explained the court's ruling as follows: "Real party in interest Eric Woolery's motion for attorney fees pursuant to CCP § 1021.5 is DENIED. Woolery's successful defense of this matter has not resulted in the enforcement of an important right affecting the public interest; it has not conferred a significant benefit on the general public or a large class of persons. Woolery's designation of an accurate secondary occupation instead of an accurate primary occupation primarily inures to his benefit. [¶] In *Hammond v. Agran* (2002) 99 Cal.App.4th 115, the court allowed an award of attorneys' fees to the defendant only for his appellate work which resulted in the court issuing an opinion interpreting the scope of Elections Code § 13307. According to the court, that work 'transcended [Agran's] personal stake in his own candidate statement, and will necessarily inure to every voter who reads a ballot pamphlet in a local election . . . .' [Citation.] The court contrasted this work, involving 'the enforcement of an important public right' [citation], with Agran's trial court litigation over the content of a candidate statement for which no attorneys' fees were awarded. As to that trial court work, the court declined to find it vindicated the public interest, referring to it as 'typical, mundane squabbles over the factual accuracy of a statement peculiar to one candidate's personal history.' [Citation.] Because the instant case falls into the latter category, the motion for attorneys' fees is denied." (Italics added.)

Woolery appealed from the order denying his motion for attorney fees.

DISCUSSION

I.

STANDARD OF REVIEW

"Under Code of Civil Procedure section 1021.5, a litigant who acts as a private attorney general and is a successful party in the litigation may under certain

circumstances recover attorney fees from the opposing parties." (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1210-1211 (*Whitley*).) "'"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law."' [Citation.]" (*Id.* at p. 1213.)

We do not need to decide which standard of review applies in this case because, under either standard, we affirm the trial court's order denying the motion for attorney fees.

## II.

### THE TRIAL COURT PROPERLY DENIED WOOLERY'S MOTION FOR ATTORNEY FEES BECAUSE HIS SUCCESSFUL DEFENSE AGAINST THE PETITION NEITHER RESULTED IN THE ENFORCEMENT OF AN IMPORTANT RIGHT AFFECTING THE PUBLIC INTEREST NOR CONFERRED A SIGNIFICANT BENEFIT ON THE GENERAL PUBLIC OR A LARGE CLASS OF PERSONS.

Section 1021.5 provides in relevant part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." The California Supreme Court has explained the main objective of this statute is "'"to encourage suits effectuating a strong [public] policy by awarding substantial attorney's fees . . . to those who successfully bring such suits . . . ."'" (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d

5

917, 933.) Section 1021.5 "provides for a fee award to a 'successful party' and draws no distinctions between plaintiffs and defendants." (*County of San Luis Obispo v. Abalone Alliance* (1986) 178 Cal.App.3d 848, 869.) California courts have construed section 1021.5 as mandating that an attorney fee award be made if the requirements of the statute are met. (*Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1344 & fn. 8.)

The petition sought to change a portion of Woolery's ballot designation from describing his occupation as "Orange Treasurer/CPA," to reflecting his "true and/or principal 'occupation,'" within the meaning of Elections Code section 13107,[1] as the deputy director of administration for the Riverside County District Attorney's Office. The trial court denied the petition on the ground Willard failed to show Woolery's ballot designation was misleading because the evidence was undisputed Woolery served the

---

[1] Elections Code section 13107, subdivision (a) provides in relevant part: "(a) With the exception of candidates for Justice of the State Supreme Court or Court of Appeal, immediately under the name of each candidate, and not separated from the name by any line, unless the designation made by the candidate pursuant to Section 8002.5 must be listed immediately below the name of the candidate pursuant to Section 13105, and in that case immediately under the designation, may appear at the option of the candidate only one of the following designations: [¶] (1) Words designating the elective city, county, district, state, or federal office which the candidate holds at the time of filing the nomination documents to which he or she was elected by vote of the people, or to which he or she was appointed, in the case of a superior court judge. [¶] (2) The word 'incumbent' if the candidate is a candidate for the same office which he or she holds at the time of filing the nomination papers, and was elected to that office by a vote of the people, or, in the case of a superior court judge, was appointed to that office. [¶] (3) *No more than three words designating either the current principal professions, vocations, or occupations of the candidate, or the principal professions, vocations, or occupations of the candidate during the calendar year immediately preceding the filing of nomination documents*. . . . [¶] (4) The phrase 'appointed incumbent' if the candidate holds an office other than a judicial office by virtue of appointment, and the candidate is a candidate for election to the same office, or, if the candidate is a candidate for election to the same office or to some other office, the word 'appointed' and the title of the office. . . ." (Italics added.)

requisite amount of time in his position of treasurer of the City of Orange to satisfy Elections Code section 13107, subdivision (a), and applicable regulations.

In *Woodland Hills Residents Assn., Inc. v. City Council*, *supra*, 23 Cal.3d at pages 939-940, the California Supreme Court explained, "the public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense, the public always derives a 'benefit' when illegal private or public conduct is rectified. Both the statutory language ('*significant* benefit') and prior case law, however, indicate that the Legislature did not intend to authorize an award of attorney fees in every case involving a statutory violation. We believe rather that the Legislature contemplated that in adjudicating a motion for attorney fees under section 1021.5, a trial court would determine the significance of the benefit, as well as the size of the class receiving benefit, from a realistic assessment, in light of all the pertinent circumstances, of the gains which have resulted in a particular case."

In *Mandicino v. Maggard* (1989) 210 Cal.App.3d 1413, 1415, the petitioner filed a petition for a writ of mandate against a city clerk, challenging, as "false and misleading," six ballot arguments that had been submitted by the real party in interest in opposition to a measure at issue in a municipal election. The trial court ordered modifications of four of the challenged statements, issued a corresponding writ, and awarded the petitioner attorney fees under section 1021.5. (*Mandicino v. Maggard*, *supra*, at p. 1415.) The real party in interest appealed from the order awarding attorney fees, arguing, "a significant benefit was not conferred upon the general public as a result of the issuance of the peremptory writ." (*Id.* at p. 1416.) The appellate court reversed the order awarding attorney fees, stating: "In realistically assessing the circumstances of the instant litigation, we have concluded that the relief granted during the proceedings below constituted de minimis changes to statements of opinion, failing to result in a significant benefit to the public." (*Id.* at p. 1417.) The court noted that the modifications to the ballot arguments included deleting the words "'any'" and "'right away,'" changing the

7

word "'will'" to "'may,'" and modifying the statement "'This measure will not protect anyone'" to "'This measure will not protect anyone in the long run.'" (*Id.* at pp. 1417-1419.) The court held: "In sum, de minimis modifications to opinion statements in the ballot argument failed to confer a significant benefit upon San Pablo voters. The modifications ordered by the court were minor editorial changes to the language of [the appellant]'s argument. The meaning of the argument or its implications were not substantially altered. The changes were a far cry from the deletions sought by [the petitioner]." (See *King v. Lewis* (1990) 219 Cal.App.3d 552, 556 [holding partially successful petition for writ of mandate seeking to make minor changes to ballot analysis did not enforce an important right affecting the public interest or confer a significant benefit upon the public].)

In *Hammond v. Agran* (2002) 99 Cal.App.4th 115, 119 (*Hammond*), a city council candidate defended against a political opponent's challenge to his candidate's statement for the voters pamphlet. The opponent asserted the candidate's statement contained factually false and misleading assertions. (*Ibid.*) He also asserted the candidate's statement included a brief description of the candidate's education and qualifications that contained material that was both outside the scope of Elections Code section 13307 and inconsistent with the requirements of Elections Code section 13313. (*Hammond, supra,* at p. 119.) The majority of the analysis in *Hammond* does not apply to the instant case because, there, the court primarily reviewed an attorney fee award under the "necessity and financial burden" requirement of section 1021.5, a requirement which we do not need to address in this case. (*Hammond, supra,* at pp. 121-135.)[2]

---

[2] In *Whitley, supra,* 50 Cal.4th at page 1214, the Supreme Court also "focuse[d] on the third requirement" (necessity and financial burden requirement) of section 1021.5. The *Whitley* court expressly disapproved, inter alia, *Hammond, supra,* 99 Cal.App.4th 115, to the extent it was contrary to the Supreme Court's holding. (*Whitley, supra,* at p. 1226, fn. 4.) The court held: "We conclude that a litigant's personal nonpecuniary motives may not be used to disqualify that litigant from obtaining fees under Code of Civil

The *Hammond* court concluded, however, that with regard to certain portions of the litigation in the case, the other requirements of section 1021.5 (enforcement of an important right, and conferring a significant benefit on the general public or a large class of persons, discussed *ante*) had already been satisfied, stating: "The right of a candidate to express his or her views in a voter's pamphlet obviously affects the public interest in providing 'the voters with information to aid them in making their choices at the ballot box.' [Citation.] Moreover, *the dissemination of a candidate's views confers a benefit on the general voting public*, many of whom often crave, particularly in local elections, information about what the candidate *thinks* and what he or she is likely to *do* in office, which is *far more likely to be revealed by the candidate's positions on issues than his or her work experience*." (*Hammond*, *supra*, 99 Cal.App.4th at p. 121, some italics added.)

In addition, the *Hammond* court addressed public policy arguments related to attorney fee awards in the context of challenges to election materials, as follows: "Finally, the parties have raised some interesting public policy arguments regarding the consequences of fee awards for litigation arising out of challenges to candidate statements as permitted by [Elections Code] section 13313. For [the political opponent], allowing any fee award for such litigation has an unwarranted deterrent effect on challenges permitted by the statute. He points out that citizens interested in keeping public officials honest might be deterred from seeking to correct false or misleading statements proffered in proposed candidate statements if the litigation goes against them.

Procedure section 1021.5. The contrary interpretation, which was adopted by the Court of Appeal in this case, has no basis in the language, legislative history, or evident purpose of section 1021.5. . . . [T]he purpose of section 1021.5 is not to compensate with attorney fees only those litigants who have altruistic or lofty motives, but rather all litigants and attorneys who step forward to engage in public interest litigation when there are insufficient financial incentives to justify the litigation in economic terms." (*Id.* at p. 1211.) We have only cited portions of *Hammond* in this opinion, which have survived *Whitley*.

9

For [the candidate], *not* allowing such fee awards only encourages what he calls a 'veritable cottage industry of lawyers and professional plaintiffs specializing' in challenges under [Elections Code] sections 13307 and 13313. [¶] These arguments stray from the focus of the statute, and specifically the necessity and financial burden clause. The critical point here is that the qualification issue was one which transcended [the candidate]'s personal interests because it dealt with the generic scope of section 13307, *and not with the typical, mundane squabbles over the factual accuracy of a statement peculiar to one candidate's personal history*." (*Hammond*, *supra*, 99 Cal.App.4th at pp. 134-135, fn. omitted, italics added.)

Here, the petition solely sought a modification to Woolery's designated occupation on the ballot. Woolery's successful defense against the petition enabled him to continue to designate on the ballot "Orange Treasurer/CPA" for his occupation, as he preferred, instead of being required to change it to his other position of deputy director of administration for the Riverside County District Attorney's Office. Woolery's victory did not confer a *significant* benefit to the electorate. It did not shed light on his views as a candidate, but briefly related one aspect of his work experience. (See *Hammond*, *supra*, 99 Cal.App.4th at p. 121.) As cited by the trial court in its minute order, the litigation regarding the petition more closely resembled the "mundane squabbles over the factual accuracy of a statement peculiar to one candidate's personal history," described in *Hammond*, *supra*, 99 Cal.App.4th at page 135, and did not confer a significant benefit on the electorate. Consequently, the trial court did not err by concluding that Woolery's success neither resulted in the enforcement of an important right affecting the public interest nor conferred a significant benefit on the general public or a large class of persons, within the meaning of section 1021.5.

10

## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

11

Filed 7/21/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN WAYNE WILLARD, | |
| Plaintiff and Respondent, | |
| v. | G050340 |
| NEAL KELLEY, as Registrar of Voters, etc., | (Super. Ct. No. 30-2014-00711556) |
| Defendant; | ORDER GRANTING REQUEST FOR PUBLICATION |
| ERIC WOOLERY, | |
| Real Party in Interest and Appellant. | |

Respondent has requested that our opinion, filed June 29, 2015, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.